United States Bankruptcy Court
Southern District of Florida

In re:                                                                                        Case No. 26-10245-CAP

Shelly Cassandra Pinnock                                                      Chapter 13

Karl Ray Pinnock
        Debtors

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 113C-0 | User: admin | Page 1 of 2 |
| Date Rcvd: Jun 10, 2026 | Form ID: pdf004 | Total Noticed: 3 |

The following symbols are used throughout this certificate:

**Symbol        Definition**

+                Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 12, 2026:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db/jdb | + | Shelly Cassandra Pinnock, Karl Ray Pinnock, 5138 NW 87 Terrace, Lauderhill, FL 33351-4880 |
| cr | + | Regions Bank as servicer for Federal National Mort, c/o Michael C. Caborn, 329 Park Avenue North, 2nd Floor, Winter Park, FL 32789-7406 |

TOTAL: 2

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| | + Email/Text: newbk@Regions.com | | |
| | | Jun 10 2026 23:52:00 | Regions Bank, c/o Office of the Corporate Secretary, 1900 Fifth Avenue, North Birmingham, AL 35203-2670 |

TOTAL: 1

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 12, 2026                        Signature:              /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 10, 2026 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Kenneth E Walton, II | |
| | on behalf of Joint Debtor Karl Ray Pinnock kenneth@dsouzalegal.com service@dsouzalegal.com;johnson@dsouzalegal.com;kenneth.dsouzalegal.com@recap.email;3079219420@filings.docketbird.com |
| Kenneth E Walton, II | |

District/off: 113C-0                     User: admin                                    Page 2 of 2
Date Rcvd: Jun 10, 2026              Form ID: pdf004                        Total Noticed: 3

on behalf of Debtor Shelly Cassandra Pinnock kenneth@dsouzalegal.com
service@dsouzalegal.com;johnson@dsouzalegal.com;kenneth.dsouzalegal.com@recap.email;3079219420@filings.docketbird.com

Michael C Caborn

on behalf of Creditor Regions Bank as servicer for Federal National Mortgage Association mcaborn@whww.com
scolgan@whww.com;csmith@whww.com

Office of the US Trustee

USTPRegion21.MM.ECF@usdoj.gov

Robin R Weiner

auto-forward-ecf@ch13weiner.com


TOTAL: 5



**ORDERED in the Southern District of Florida on June 10, 2026.**

**Craig A. Pugatch, Judge**
**United States Bankruptcy Court**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

SHELLY CASSANDRA PINNOCK and                Case No. 26-10245-CAP

KARL RAY PINNOCK,                           Chapter 13

        Debtors.
_____/

### ORDER GRANTING ATTORNEY-REPRESENTED DEBTOR'S VERIFIED MOTION FOR REFERRAL TO MORTGAGE MODIFICATION MEDIATION

This matter came before the Court without a hearing on the *Attorney-Represented Debtor's Verified Motion for Referral to Mortgage Modification Mediation* filed by Debtors Shelly Cassandra Pinnock and Karl Ray Pinnock ("Debtors") on June 8, 2026 under the Court's Mortgage Modification Mediation ("MMM") program, with respect to the real property located at 5138 NW 87th Terrace, Lauderhill, FL 33351 and the mortgage on this property held by Regions Bank ("Lender").

It is **ORDERED** that:

1.   The motion is granted. The Lender may seek reconsideration of this Order by filing a motion within 14 days after entry of this Order. If a timely motion for reconsideration is filed, the Court will promptly schedule a hearing. If a motion for reconsideration is timely filed, all deadlines set forth in this Order are suspended pending resolution of the motion, but all other provisions of this Order remain in effect.

MMM-LF-02 (rev. 06/01/26)

2.  The Debtor and the Lender are required to participate in Mortgage Modification Mediation ("MMM") in good faith. MMM must be concluded not later than 150 days from the date of the Order, unless extended by written consent on the approved Mortgage Modification Mediation Portal ("MMM Portal"), by stipulation of the parties or by court order.

3.  All communications and information exchanged during MMM conference are subject to Federal Rule of Evidence 408.

4.  All written communication between the parties regarding the mediation must be sent through the MMM Portal only, unless otherwise ordered by the Court. Any litigated matters incidental to the mediation will be considered as separate matters and not subject to the portal communication requirement.

5.  The Lender (and Lender's counsel, if any) must register with the MMM Portal, unless already registered, within seven days after entry of this Order, and designate its single point of contact and outside legal counsel, if any. If the Lender fails to register, the Debtor may file a motion with the Court seeking sanctions against the Lender for the Lender's failure to register.

6.  The Lender's counsel or representative must have the authority (within the investor's guidelines) to settle and will attend and continuously participate in all MMM conferences in this case.

7.  Within seven days after filing the MMM Local Form *Debtor's Notice of Selection of Mortgage Modification Mediator* (or *Notice of Clerk's Designation of Mortgage Modification Mediator*) or the Lender's registration on the MMM Portal, whichever occurs later, the Debtor's attorney must (a) upload to the MMM Portal (i) all the required supporting documentation required by the document preparation software, (ii) any additional forms or documents that the Lender may post on the MMM Portal, and (iii) a copy of this Order (collectively, the "Completed Package"), and (b) pay the Portal Submission Fee.

8.  The Lender must, within seven days after the Debtor delivers the Completed Package, acknowledge receipt of the Debtor's information and advise the Debtor of any additional or missing information required for the Lender to proceed with its review.

9.  If the Lender requires additional or missing information to consider the Debtor's requested mortgage modification options, the Lender must – within seven days of the Debtor's submission – notify the Debtor through the MMM Portal. The Debtor must then – within seven days of being notified – provide all requested additional or missing information.

Page 2 of 6

MMM-LF-02 (rev. 06/01/26)

10.    The Lender must timely underwrite the loan modification request.

11.    If the Lender transfers the loan, the Lender must provide a copy of this Order to the new holder of the loan, who will then be obligated to comply with all terms of this Order.

12.    **PROCESS FOR SELECTING A MEDIATOR:**

   (a)    The parties will have 14 days from entry of this Order to agree on a mediator. If the parties agree, the Debtor must then file the MMM Local Form *Debtor's Notice of Selection of Mortgage Modification Mediator* (checking box 1 and inserting the mediator's name and contact information), serve a copy of the notice on all required parties, and file a certificate of service as required by Local Rule 9036-2.

   (b)    If the Lender fails to timely communicate with the Debtor about selecting a mediator, within seven days after expiration of the deadline in paragraph 12(a), the Debtor must independently select a mediator and file the MMM Local Form *Debtor's Notice of Selection of Mortgage Modification Mediator* (checking box 2 and inserting the mediator's name and contact information), serve a copy of the notice on all required parties, and file a certificate of service as required by Local Rule 9036-2. By failing to timely communicate with the Debtor about the selection of a mediator, the Lender has waived the right to challenge the Debtor's selection.

   (c)    If the parties attempt to reach agreement on the selection of a mediator, but fail to do so, the Debtor must file the MMM Local Form *Debtor's Notice of Selection of Mortgage Modification Mediator* (checking box 3 indicating an impasse), serve a copy of the notice on all required parties, and file a certificate of service as required by Local Rule 9036-2. The clerk will then randomly select a mediator from the court's register of mediators under Local Rule 9019-2(c)(2)(B)(i), issue a notice of selection using the MMM Local Form *Notice of Clerk's Designation of Mortgage Modification Mediator*, and serve that notice on the parties and the mediator. Any challenge to the clerk's random selection of a mediator must be brought under Local Rule 9019-2(c)(2)(B)(ii).

13.    Within seven days of designation of a mediator under paragraph 12, the Debtor's attorney must assign the mediator as the mediator in this case on the MMM Portal.

MMM-LF-02 (rev. 06/01/26)

14. The mediator will:

    (a) be governed by the standards of professional conduct set forth in the Florida rules for certified and court-appointed mediators and have judicial immunity in the same manner and to the same extent as a judge;

    (b) subject to paragraph 15, be compensated $800.00 to prepare for MMM, execute required documents, facilitate document and information exchange between the parties, and participate in no more than two one-hour MMM conferences.

    (c) be compensated at the rate set by Local Rule 9019-2(e)(2)(B) for any MMM conference that extends beyond the initial two one-hour conferences.

15. The mediator's fee must be paid equally by the parties as follows:

    (a) **[X]** The Debtor must pay a $400.00 non-refundable fee directly to the mediator within seven days after designation of the mediator; or

         **[ ]** The Court finds that the Debtor qualifies for a mediator pro bono. If the mediator is not willing to serve pro bono, the mediator must promptly file a motion seeking to be excused from pro bono mediation, stating the reasons for the request.

    (b) The Lender must pay a $400.00 non-refundable fee directly to the mediator within seven days after designation of the mediator.

    (c) The mediator's fee for MMM conferences that extend beyond two, one-hour conferences, must be paid equally by the parties (unless the Debtor is receiving pro bono mediation, in which case the Lender must pay its half) and is due and payable at the beginning of each successive MMM conference in accordance with the program procedures.

16. The mediator must log in to the MMM Portal within seven days after designation and use the MMM Portal to facilitate any additional exchange of information or documents between the Debtor and the Lender needed for the Lender to complete its analysis of the Debtor's mortgage modification options.

17. If the mediator either fails to timely register or log in to the MMM Portal to begin to facilitate the MMM process, any party to the mediation may

MMM-LF-02 (rev. 06/01/26)

file a motion requesting that the mediator be removed from this case and, if appropriate, be removed from the court's register of mediators.

18.  **MEDIATION CONFERENCE:**

(a)  The mediator must schedule the initial MMM conference no later than seven days after determining that the Lender has received and reviewed all requested information. If the mediator cannot determine that the Lender has received all the requested information, the mediator must schedule the initial MMM conference within 90 days of this Order. The initial MMM conference may not exceed one hour. The mediator must report the scheduling of all MMM conferences on the MMM Portal.

(b)  The Lender and the Lender's representative may participate in the MMM conference by telephone or video conference.

(c)  The Debtor and any co-obligor, co-borrower, or other third party may participate in the MMM conference by telephone or video conference, provided they are physically present with the Debtor's attorney and present identification to the Debtor's attorney.

(d)  If the Debtor requires a foreign language interpreter, the Debtor must procure the interpreter at the Debtor's own expense.

(e)  All parties attending the MMM conference must be ready, willing, and able to sign a binding settlement agreement at the MMM conference and have the ability to scan, send, and receive documents by facsimile, email or other electronic means at the time of the MMM conference.

19.  If the parties are unable to reach an agreement and require an additional MMM conference, the mediator must schedule a final MMM conference no later than 30 days thereafter. The final MMM conference may not exceed one hour.

20.  If the parties reach a final resolution or, if no agreement has been reached, the mediator must report the results on the MMM Portal not later than seven days after the conclusion of the final MMM conference. The mediator must also complete and file with the Court the MMM Local Form *Final Report of Mortgage Modification Mediator*, within two business days after entry of the final report data on the MMM Portal.

21.  If applicable, no later than 14 days after the mediator files a final report, the Debtor's attorney must file the MMM Local Form *Motion to Approve Mortgage Modification Agreement with Lender (Relief Requested*

MMM-LF-02 (rev. 06/01/26)

*Without a Hearing)*, and upload the MMM Local Form *Order Granting Motion to Approve Mortgage Modification Agreement with Lender*. The parties must also seek any necessary Court approval and formalize any required legal documents in a timely fashion thereafter.

22.    The automatic stay is modified to the extent necessary to facilitate MMM pursuant to this Order.

23.    [For chapter 7 debtors] Notwithstanding that the Debtor may be eligible for entry of a discharge before the MMM process is completed, the Court will delay issuance of the discharge until either an agreement is reached or the parties reach an impasse as reflected in the Local Form *Final Report of Mortgage Modification Mediator*.

24.    Any of the deadlines imposed by this Order may be extended by further Court order.

25.    If any parties or counsel fail to comply with this Order, the Court will consider a motion to vacate this Order and may impose sanctions.

26.    The Debtor's attorney must promptly serve a copy of this Order by U.S. mail, electronic service, or email (if the party's email address is known) on all parties to the mediation.

# # #

Copy furnished to:

1. Kenneth Edward Walton, Esq., counsel for Debtors [Via ECF only].
2. Robin R Weiner, Esq., Chapter 13 Trustee [Via ECF only].
3. All parties registered on the ECF system [Via ECF only].
4. Michael C. Caborn, Esq., counsel for Regions Bank as servicer for FederalNational Mortgage Association [Via ECF only].
5. Regions Bank, c/o Office of the Corporate Secretary, 1900 Fifth Avenue North Birmingham, AL 35203 [Via U.S. Mail]

MMM-LF-02 (rev. 06/01/26)